IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH RODRIGUEZ, et al., | : | CIVIL NO. 1:14-CV-1121 |
| Petitioners, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| WARDEN J.E. THOMAS, <u>et al.</u>, | : | |
| Respondents | : | |

**MEMORANDUM**

On November 11, 2013, Petitioners Joseph and Charles Rodriguez (collectively, "Petitioners"), who are currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed this *pro se* petition for writ of habeas corpus.  (Doc. No. 1.)  Petitioners challenge the life sentences imposed on them by the U.S. District Court for District of New Jersey ("trial court").  (*Id.*)  For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

I.   **Background**

On July 9, 1999, a jury found Petitioners guilty of the following crimes:

1) conspiracy to defraud the United States (pursuant 18 U.S.C. § 2113(a), (d) and 18 U.S.C. 1951(a));
2) two counts of bank robbery by force or violence (pursuant to 18 U.S.C. § 2113(a), (d));
3) three counts of use of a firearm during a violent crime (pursuant to 18 U.S.C. § 924(c)(1);
4) motor vehicle theft (pursuant to 18 U.S.C. § 2119(2));
5) interference with commerce by threat or violence (pursuant to 18 U.S.C. § 1951(a)); and
6) possession of a firearm by a convicted felon (pursuant to 18 U.S.C. § 922(g)(1), (2)).

*United States v. Rodriguez*, 2:98-cr-00547, Doc. No. 84 (D. N.J. 1999).  On March 30, 2000, the

trial court sentenced Petitioners to 60 months of imprisonment for the charge of conspiracy; a concurrent term of 175 months of imprisonment for the two counts of bank robbery; a concurrent term of 175 months for the charge of motor vehicle theft; a concurrent term of 165 months for the charge of interference with commerce; a concurrent term of 120 months for the charge of possession of a firearm; and three consecutive terms of 60 months, 240 months, and life imprisonment for the three counts of using a firearm during a violent crime.  *Id.* at Doc. Nos. 122, 126.  On April 7, 2000, Petitioners appealed their convictions and on January 21, 2003, the U.S. Court of Appeals for the Third Circuit upheld the judgments below.  *Id.* at Doc Nos. 127, 128, 142.  On January 8, 2004, Joseph Rodriguez filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion").  *Rodriguez v. United States*, 2:04-cv-00085, Doc. No. 1 (D. N.J. 2004).  The trial court denied his motion on December 1, 2004.  *Id.* at Doc. No. 11.  Charles Rodriguez also filed a § 2255 motion on January 14, 2004, and it was denied on August 22, 2005.  *Rodriguez v. United States*, 2:04-cv-00158 (D. N.J. 2005).

On June 11, 2014, Petitioners sought to challenge their convictions and sentences for using a firearm during a violent crime ("§ 924(c) convictions") by filing the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Petitioners argue that certain elements of their § 924(c) offenses were not submitted to the jury for proof beyond a reasonable doubt.  (Doc. No. 2 at 15–16.)  In almost all circumstances, such challenges to a federal conviction or sentence can only be brought in a § 2255 motion, which must be filed with the trial court.  28 U.S.C. § 2255.  The only exception to this rule lies in cases where a § 2255 motion is "inadequate or ineffective to test the legality" of a prisoner's detention.  28 U.S.C. § 2255(e).  Thus, this court must determine whether the petition fits within this exception in order to

exercise jurisdiction under 28 U.S.C. § 2241.

II.     Discussion

    A.     **Standard of Review**

District courts are required to "promptly examine" each petition for writ of habeas corpus before serving it on the respondent. Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 petitions through Rule 1(b)). When examining the petition, it is the duty of the court to dismiss the petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.; see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Summary dismissal is appropriate "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970).

    B.     **The Savings Clause of 28 U.S.C. § 2255**

In general, a § 2255 motion is the sole method available for federal prisoners to collaterally challenge the legality of their convictions or sentences. 28 U.S.C. § 2255(e); *see also, e.g.*, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States* 417 U.S. 333, 342 (1974)). If a prisoner instead attempts to challenge the legality of his or her conviction or sentence through a petition for writ of habeas corpus, that petition normally must be dismissed. 28 U.S.C. § 2255(e). Petitioners admit that they are challenging the legality of their convictions and sentences through a petition for writ of habeas corpus, but seek to

invoke the "savings clause" of § 2255(e).[1]  (Doc. 13 at 1.)  This clause allows federal prisoners to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in situations where the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of their detention.  28 U.S.C. § 2255(e).

The U.S. Court of Appeals for the Third Circuit has held that this clause applies only in "rare situation[s]," where "the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Okereke*, 307 F.3d at 120 (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d. Cir. 2002)).  The Third Circuit has also emphasized that § 2255 should not be considered "inadequate or ineffective" "merely because that petitioner is unable to meet [§ 2255's] stringent gatekeeping requirements."  *Id.*  The narrow scope of the savings clause is essentially limited to the "unusual position" where an "intervening change in substantive law," having retroactive effect on cases on collateral review, renders the conduct for which the petitioner was convicted non-criminal.  *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1996); *see also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).

Petitioners set forth two separate claims involving their § 924(c) convictions.  This court will examine each claim in turn to determine if either can be brought under § 2255's savings clause.

**C.**      *Alleyne* **Claims**

---

[1] Petitioners state that they would not be able to satisfy the requirements for filing a second or successive motion under 28 U.S.C. § 2255(h).  (Doc. No. 2 at 13.)

Petitioners assert that the trial court erroneously failed to instruct the jury[2] to determine beyond a reasonable doubt whether the firearms used during the robbery had the respective properties of being a machine gun and having a silencer.[3] (Doc. No. 2 at 15–16.) Petitioners base these claims on the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013). In *Alleyne*, the Court held that the existence of any fact that increases the mandatory minimum range of a sentence must be proved to a jury beyond a reasonable doubt. 133 S. Ct. at 2163. Petitioners argue that, since the mandatory minimum range of their sentences was increased based on the fact that they were carrying a machine gun and a gun with a silencer (pursuant to 18 U.S.C. § 924(c)(1)(B)(ii)), the trial court erred by not requiring the state to prove beyond a reasonable doubt that their firearms possessed those properties.

Regardless of whether Petitioners' *Alleyne* claims have merit, the question before this court is whether a § 2255 motion is "inadequate or ineffective" to test those claims, thus allowing Petitioners to bring them in a habeas petition via § 2255's savings clause. Petitioners observe that the Third Circuit has not explicitly addressed whether a sentencing error (rather than an erroneous conviction) can ever warrant the application of § 2255's savings clause. (Doc. No. 2 at 13.) While that is true, *see Pollard v. Yost*, 406 Fed. App'x 635, 637–638 (3d Cir. 2011), it is beside the point in this case, as the Third Circuit has made it clear that *Alleyne* claims—if not all sentencing error claims—do not qualify for § 2255's savings clause.

---

[2] Petitioners aver that the jury was asked to determine this issue by way of special interrogatory, but that they were not instructed to make this determination beyond a reasonable doubt. (Doc. No. 2 at 15.)

[3] Petitioners also claim that the jury should have decided whether Petitioners were aware that their firearms contained these properties, yet they cite to no authority to support the premise that § 924(c) contains this sort of *mens rea* requirement and it appears that the Third Circuit has never ruled on this issue. *See United States v. Ross*, 10-cv-4309, 2013 WL 5873375, at *6–7 (E.D. Pa. 2013). Even if petitioners' interpretation of the statute were correct, they would nonetheless be unable to bring these claims under § 2255's savings clause for the reasons discussed below.

In *Okereke v. United States*, the Third Circuit held that § 2255 was not an inadequate vehicle for claims arising from *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that facts that increase the maximum mandatory sentencing range must be proved before a jury beyond a reasonable doubt. 307 F.3d 117 (3d Cir. 2002). Following *Okereke*, the Third Circuit has repeatedly held that § 2255 is also an adequate vehicle for claims brought under *Alleyne* because *Alleyne* is simply a logical extension of *Apprendi*. *See, e.g.*, *Sacksith v. Warden Canaan USP*, 552 F. App'x 108, 109 (3d Cir. 2014) ("We have held that '§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument,' . . . and there is no basis to treat claims brought under *Alleyne* differently.") (quoting *Okereke*, 307 F.3d at 121); *Jackman v. Shartle*, 535 Fed. App'x 87, 89 ("Because we have held that *Apprendi* claims must be brought pursuant to § 2255, not § 2241 . . . it follows that *Alleyne* claims must be brought pursuant to § 2255 as well."). While the Third Circuit has thus far only ruled on this issue in non-precedential opinions, those opinions conclusively illustrate that the logic of *Okereke* must extend to cover *Alleyne* claims.

Petitioners argue that the Supreme Court's recent decision in *Persaud v. United States*, 134 S. Ct. 1023 (2014), provides grounds for revisiting this issue. (Doc. No. 2 at 14–15). In *Persaud*, a prisoner sought to collaterally challenge his sentence, claiming that the sentencing court's determination of his prior criminal history was incorrect under new circuit precedent, and that this erroneously led to a higher mandatory minimum sentence. *See* Brief for United States at 7–8, *Persaud v. United States*, 134 S. Ct. 1023 (2014) (No. 13-6453). Since Persaud was unable to satisfy § 2255's gatekeeping provisions, he sought to invoke the savings clause in order to challenge his sentence through a petition for writ of habeas corpus. *Id.* The U.S. Court of

Appeals for the Fourth Circuit held that Persaud's claim did not fall within the savings clause because it only related to the legality of his sentence and not his conviction. *Id.* at 9–10.

On appeal to the Supreme Court, the United States took the position that the lower courts erred in holding that the savings clause is never available for sentencing-related claims. *Id.* at 15–16. The United States requested that the Court issue a "GVR" order (i.e., an order granting certiorari, vacating the judgment below, and remanding for further proceedings) and the Court issued such an order. *Id.* at 10–11; *Persaud*, 134 S. Ct. at 1023. Petitioners speculate that this indicates the Court favors a broader interpretation of the savings clause, one which would extend to allow *Alleyne* claims through the savings clause. (Doc. No. 2 at 9). While Petitioners may be correct, it does not change the fact that a GVR order has no precedential value.[4] This court is thus bound to follow the logic of *Okereke*, which does not allow Petitioners to utilize the savings clause to advance their *Alleyne* claims through a petition for writ of habeas corpus.

### D.     *Rosemond* Claims

Petitioners also appear to advance the claim that their convictions should be overturned because of *Rosemond v. United States*, ___ U.S. ___, 134 S. Ct. 1240 (2014). (Doc. No. 2 at 14–15.) In *Rosemond*, the Court held that in order to convict someone of a § 924(c) offense under an aiding and abetting theory, the government must prove "the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Id.* at 1243. Petitioners

---

[4] This court also notes that it is not unusual for the Supreme Court to issue a GVR order when both parties are in agreement that the lower court erred on an important issue, regardless of whether the Court agrees that the lower court ruling was in error. *See Stutson v. United States*, 516 U.S. 163, 183 (1996) (Scalia, J., dissenting) ("Our recent practice, however, has been to remand in light of the confession of error without determining the merits, leaving it to the lower court to decide if the confession is correct.")

assert that this means the jury should have been instructed that "the government was required to prove active facilitation or encouragement in order to establish aiding and abetting liability" in their case. (Doc. No. 2 at 15.)

There is no controlling authority directly addressing whether a *Rosemond* claim can be brought in a habeas petition via § 2255's savings clause, but it is nonetheless clear that the savings clause is unavailable for this claim. Supreme Court holdings made after a conviction has become final may not be used as the basis for a collateral challenge to that conviction unless the rule has retroactive effect. *See, e.g.*, *Schriro v. Summerlin*, 542 U.S. 348 (2004). Nowhere in *Rosemond* did the Court indicate that it intended its holding should be applied retroactively, and the rule set forth in *Rosemond* does not appear to meet the qualifications for retroactive application initially set forth in *Teague v. Lane*, 489 U.S. 288 (1989).

In order to have retroactive application, a Supreme Court holding must set forth a "new rule" that is either "substantive" or is a "'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 at 351–52 (2004). The holding in a given case qualifies as a "new rule" if it "breaks new ground or imposes a new obligation on the States or the Federal Government" and if "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301. *Rosemond* does not appear to satisfy the requirement of constituting a "new rule," as the Court gave no indication that its holding broke "new ground," and explained at length that its holding was in fact dictated by existing precedent. *See Rosemond*, 134 S. Ct. at 1248–49. This court also notes that other district courts faced with similar challenges appear to have universally concluded that *Rosemond* does not apply retroactively. *See, e.g., Martinez v. United*

*States*, 3:14-CV-1359, 2014 WL 3361748, *2 (N.D. Tex. 2014); *Rodriguez-Pena v. Werlich*, 14-cv-994, 2014 WL 4273631, *2 (W.D. La. 2014); *Taniguchi v. Butler*, 14-CV-120, 2014 WL 5063748 (E.D. Ky. 2014).

Since the rule articulated in *Rosemond* does not apply retroactively to cases on collateral review, § 2255's savings clause is unavailable for Petitioners' *Rosemond* claims.[5]

**III.     Conclusion**

As Petitioners claims do not fit into the narrow scope of § 2255's savings clause, this court lacks jurisdiction to review their petition for writ of habeas corpus.  Because Petitioners have conceded that they cannot meet § 2255's procedural requirements (Doc. No. 2 at 13), this court will refrain from transferring the case to the sentencing court to be heard as a motion to vacate, set aside or correct sentence under § 2255, and will instead dismiss the petition for lack of jurisdiction.

An appropriate order will issue.

---

[5] This court further notes that the facts of each robbery demonstrate conclusively that Petitioners must have had the requisite intent to be convicted of their § 924(c) offenses under an aiding and abetting theory. *See Rodriguez v. United States*, 2:04-cv-00085, Doc. No. 10 at 2–5 (D. N.J. 2004) (reciting the facts of Petitioners' convictions). Both bank robberies were videotaped and showed assault rifles being brandished by at least some of the participants upon entering the building. *Id.* at 2–3. As for the robbery of the armored car, Petitioners visited an FBI informant's apartment prior to the robbery, "where they had stored guns, ammunition and other items in preparation for the robbery." *Id.* Given these facts, this court finds that Petitioners must have had prior knowledge of the characteristics of these firearms and that they would be used in the robberies. "When an accomplice knows beforehand of a confederate's design to carry a gun" and decides "to go ahead with his role in the venture," he has shown the requisite intent to aid in the armed defense. *Rosemond*, 134 S. Ct. at 1249.