# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH RODRIGUEZ, et al.,        :        CIVIL NO. 1:14-CV-1121
       Petitioners,          :
                         :        (Judge Kane)
       v.                  :
                         :
WARDEN J.E. THOMAS, et al.,     :
       Respondents      :

## MEMORANDUM

## I.   Background

On June 11, 2014, Petitioners Joseph and Charles Rodriguez (collectively, "Petitioners"),
filed a pro se petition for writ of habeas corpus.  (Doc. No. 1.)  This court then dismissed the
petition for lack of jurisdiction, holding that the claims raised therein did not fit within the
narrow window of claims this court may consider under the "savings clause" provision of 28
U.S.C. § 2255(e).  (Doc. Nos. 8, 9.)  Presently before the court is a Motion to Alter or Amend
Judgment (Doc. No. 10), in which Petitioners argue that recent case law makes clear that their
claims may be considered in a habeas petition.  For the reasons set forth below, this court will
deny the motion.

## II.   Discussion

Petitioners move this court to reconsider its order dismissing the petition for lack of
jurisdiction under Federal Rule of Civil Procedure 59(e).  The purpose of such a motion is to
"correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood
Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Lazaridis v. Wehmar, 591 F.3d
666, 669 (3d Cir. 2010).  A Rule 59(e) motion "must rely on one of three grounds: (1) an

intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 669 (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The decision whether to grant a Rule 59(e) motion rests within the discretion of the district court. See id.; see also 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (3d ed. 2015).

In their petition, Petitioners set forth two claims for relief from their convictions for using a firearm during a violent crime under 18 U.S.C. § 924(c). (Doc. No. 2 at 14–16.) First, Petitioners argued that, under the Supreme Court's decision in Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), the trial court erred by not requiring the prosecution to prove beyond a reasonable doubt that they were carrying firearms with certain properties, since their mandatory minimum sentences were raised based on the fact that their firearms had those properties. (Id. at 14–15.) Second, Petitioners argued that, under the Supreme Court's decision in Rosemond v. United States, ___ U.S. ___, 134 S. Ct. 1240 (2014), the trial court erred by not requiring the government to prove "active facilitation or encouragement" in order to convict them under a theory of aiding and abetting for § 924(c) violations. (Id. at 14, 16.)

This court previously held that both claims failed to meet the stringent requirements of § 2255's savings clause, which only allows a prisoner to challenge a federal conviction through a habeas petition if the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of their detention. (See Doc. No. 8.) Regarding Petitioners' Alleyne claim, this court noted that the United States Court of Appeals for theThird Circuit has repeatedly held that § 2255 is not an inadequate vehicle for Alleyne claims. (Id. at 5–7.) Regarding Petitioners' Rosemond claim, this court held that Petitioners could not use Rosemond as the basis for a

collateral challenge to their convictions because the rule announced in <u>Rosemond</u> has not been held to have retroactive effect.  (<u>Id.</u> at 7–9.)

In their Rule 59(e) motion, Petitioners now argue that intervening case law has brought new support for each of their claims.  (<u>See</u> Doc. Nos. 10, 11.)  First, Petitioners argue that the Supreme Court's decision in <u>Burrage v. United States</u>, ___ U.S. ___, 134 S. Ct. 881 (2014), makes it clear that "sentencing factors" are in fact "elements of a separate and distinct offense created by Congress, which must be proved to a jury beyond a reasonable doubt."  (Doc. No. 10 at 2–3.)  In <u>Burrage</u>, the Court held that, in order to convict someone of distributing a controlled substance where "death results" from that distribution, the government must prove that the distribution of said substance was a "but-for" cause of the death.  <u>Burrage</u>, 134 S. Ct. at 892.  While the court did reference <u>Alleyne</u> in its opinion, at no point in the opinion did it opine on whether <u>Alleyne</u> claims may be brought under the savings clause of § 2255(e).  Rather, it only noted that, "because the 'death results' enhancement increased the minimum and maximum sentences to which [petitioner] was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt."  <u>Id.</u> at 887 (citing <u>Alleyne</u>, 133 S.Ct. at 2162–63).  Thus, <u>Burrage</u> provides no compelling reason for this court to rescind its previous order dismissing this petition for lack of jurisdiction.

Next, Petitioners argue that this court should reconsider its holding that the rule announced in <u>Rosemond</u> does not apply retroactively to cases on collateral review in light of a decision issued by the U.S. District Court for the Eastern District of Wisconsin.  (Doc. No. 11.)  In that case, the court in fact noted that "the existing case law (sparse as it is) suggests that <u>Rosemond</u> does not apply retroactively," but nonetheless held to the contrary.  <u>United States. v.</u>

Greene, 14-C-431, 2015 WL 347833 (E.D. Wis. Jan. 23, 2015). While the holding of the Eastern District of Wisconsin was certainly well-reasoned, this merely demonstrates that this is an issue on which fair-minded jurists can disagree. As a holding from a district court in another circuit has no precedential value on this court, this court is not persuaded by this argument to rescind its previous order dismissing the petition for lack of jurisdiction.

**III.     Conclusion**

For the reasons discussed above, neither of Petitioners' arguments provides a basis for this court to alter or amend its previous order dismissing the petition for lack of jurisdiction. Accordingly, this court will deny Petitioners' Rule 59(e) motion. An appropriate order will issue.